IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATSOURCE LLC | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FLAVIO RUFINO GAZANI | ) | |
| | ) | |
| Defendant | ) | |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

The Plaintiff Natsource LLC ("Natsource"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 7(b), respectfully moves this Court for an Order allowing expedited discovery in the above-captioned case. Specifically, Natsource seeks an Order compelling the Defendant Flavio Rufino Gazani to produce certain documents and respond to interrogatories on an expedited basis in order to determine the extent of his unlawful acts and prepare for the preliminary injunction hearing set by the Court.

In the interests of time to collect discovery before the preliminary injunction hearing, Natsource respectfully requests that this Court consider this Motion on an expedited basis and require a response time of two days, or any other amount of time this Court deems just, for any opposition to this Motion.

### INTRODUCTION

A full recitation of the underlying facts is not necessary for the Court's evaluation of this Motion because, contemporaneous with the filing herewith, Natsource has filed a Complaint and Motions for Temporary and Preliminary Injunction against Gazani,

wherein the pertinent facts are fully set forth for the Court's review upon sworn affidavits.

In short, Gazani was employed by Natsource for approximately one year as a Senior CDC/JI Regulatory Analyst. As part of his job, Gazani had access to Natsource's highly confidential and tightly kept trade secret Delivery Risk Model ("the DRM") and its output assessments. The information provided by the DRM in its output assessments allows Natsource to make an evaluation about the attractiveness of greenhouse gas emission reduction projects around the globe. This process is highly valuable and connected to an international market for emission credits in which Natsource deals and trades as well. As part of his job, Gazani was one of the few individuals with access to the DRM and, eventually, all of its output assessments.

As part of his employment, Gazani had a company laptop computer from which he could directly and remotely access Natsource's internal computer network where the DRM, the output assessments and other confidential, proprietary information was stored. As such, Gazani had the ability to download, email and save to portable electronic media, any of Natsource's trade secret information because he was a trusted employee.

In October 2006, Natsource learned that it should never have trusted Gazani. As early as August 2005, the same month Gazani accepted employment with Natsource, he was involved with a business called International Solutions that conducts the exact same type of business as Natsource. Natsource learned that in September 2006, Gazani used and disclosed trade secret information by using the DRM or its output assessments to identify attractive emissions projects for IS that should have been identified on behalf of his employer, Natsource. Gazani was pursing a partnership with another company in the

industry to develop the project for IS in violation of his duty of loyalty and the District of Columbia Trade Secrets Act.

Upon learning of this information, Natsource terminated Gazani, demanded the return of his laptop, and requested that he provide Natsource with access to his home computer so that Natsource could obtain information regarding the extent of his misdeeds. Natsource was seeking assurance that he no longer had the ability to use and or disclose Natsource's trade secrets in direct competition with Natsource, but Ganzani refused to provide it access to his home computer. Nevertheless, before applying for a temporary restraining order from this Court, Natsource's counsel sent a letter to Ganzani admonishing him not to use or disclose Natsource confidential, proprietary and trade secret information. In response, Ganzani provided an affidavit wherein he claimed to have limited involvement with the DRM while employed with Natsource and that he currently does not posses any DRM-related files.

However, since receiving his affidavit, Natsource obtained the results of a forensic evaluation of Ganzani's company-issued laptop. The forensic study shows that Ganzani's representations in his affidavit are false. Natsource believes he is in fact currently in possession of the results of Natsource's DRM assessments for every emission reduction project Natsource was evaluating as of September 27, 2006, and other components of the DRM model. Accordingly, Natsource is now seeking temporary and preliminary injunctive relief to prevent the disclosure and misuse of its confidential, proprietary and trade secret information.

In order to prepare for the preliminary injunction hearing Natsource respectfully requests that this Court make expedited consideration of this motion and provide it with

3

expedited responses to the attached discovery requests, as well as grant it leave to depose Gazani on the issues related to its motion for temporary and preliminary injunction. These discovery requests are limited to these issues and will not unnecessarily burden the Defendant.

## ARGUMENT

### A.   Standard for Expedited Discovery

The Federal Rules of Civil Procedure do not provide a standard for evaluating expedited discovery motions, but do authorize federal courts to order expedited discovery proceedings in certain circumstances. *See* Fed. R. Civ. Proc. 26(d), 30(a), 33(b), 34(b), 36; *see also* Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006) (citing Dimension Data N. Am., Inc. v. Netstar-1, Inc., 226 F.R.D. 528, 530 (E.D.N.C. 2005)).  Where a request for expedited discovery is related to a motion for a temporary or preliminary injunction, this Court applies a "reasonableness" test and considers the "reasonableness of the request in light of the entire record to date and all of the surrounding circumstances." Disability Rights Council of Greater Washington, 234 F.R.D. at 6.  Factors assessed under this test include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citations omitted).

Elements one and two are satisfied in this case.  A preliminary injunction hearing has been requested by Natsource and will be scheduled by the Court.  The short time period before that hearing and the nature of the information needed in order to prepare for the hearing justifies responses on an expedited basis.  Thus, the only question for the

4

Court to decide is the reasonableness of the requests and whether they will burden the Defendant. Here, Natsource has requested reasonable discovery that will not burden the Defendant by focusing its requests on the issues for the preliminary injunction.

### B. Natsource's Request for Expedited Discovery is Reasonable

Natsource's request for expedited discovery is reasonable in light of the record and the surrounding circumstances. As indicated above and by the record in this case, Natsource has filed a Complaint and motions for temporary and preliminary injunctive relief against Gazani. Natsource's expedited discovery requests seek information about Gazani's use and disclosure of confidential, proprietary and trade secret information. Natsource must determine who else at International Solutions has possession of this information and to whom it has been disclosed. Natsource is entitled to a specific accounting of all Natsource information in Gazani's possession or transmitted by him.

The Request for Documents and Interrogatories attached hereto are narrowly tailored and only seek information necessary to ascertain the specific Natsource property and confidential, proprietary and trade secret information Gazani currently has in his possession, custody or control and to which he is unlawfully using and disclosing. His deposition would be limited to these same issues. This will not unnecessarily burden the Defendant. However, without an immediate accounting of the documents and information within his possession, custody and control and clearer understanding of how he is continuing to use and disclose Natsource's protected information, Natsource will continue to suffer irreparable harm through his unlawful acts. Information obtained through such expedited discovery also will aid the Court in deciding whether to grant Natsource's request for preliminary and permanent injunctive relief.

WHEREFORE, and for such additional grounds as may appear on a hearing of this Motion, Plaintiff's Motion for Expedited Discovery should be granted.

Respectfully submitted,

NATSOURCE LLC

*/s/ Susan Wiltsie*
_____
Counsel

Susan F. Wiltsie (DC Bar #429625)
Scot A. Hinshaw (DC Bar #449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on the 26th day of October, 2006 the foregoing Plaintiff's Motion for Expedited Discovery and Points and Authorities in Support Thereof, attached exhibits and draft order were served by electronic mail and overnight mail upon:

>Flavio Gazani
>1830 17th Street, NW
>Apt. 403
>Washington, DC 20009

and by electronic mail and hand delivery upon:

>Christine A. Samsel, Esq.
>Akin, Gump, Strauss, Hauer and Feld LLP
>1333 New Hampshire Avenue, NW
>Washington, D.C. 20036

*Susan Wiltsie*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATSOURCE LLC | ) |
| | ) |
| Plaintiff | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| FLAVIO RUFINO GAZANI | ) |
| | ) |
| Defendant | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Pursuant to the Court's October __, 2006 Order and Federal Rule of Civil Procedure 33, Natsource LLC ("Natsource") serves the following Interrogatories upon Defendant Flavio Rufino Gazani to be answered in writing, under oath, on or before the deadline set forth in the Court's Order.

**DEFINITIONS**

1.  "Document" or "documents" means, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tape (whether audio, video, electronic or otherwise), film, electronic facsimile, computer storage device or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, computer disks, tapes, telegrams, diaries, rolodex cards and logo, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records or recordings of oral conversations, work papers and also including, but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp notation, indication of copies sent or received or otherwise, and drafts, which are

in the possession, custody, or control of the Plaintiff, her present or former agents, representatives or attorneys or any and all persons acting on her behalf, including documents at any time in the possession, custody, or control of such individuals or entities as known by Plaintiff to exist.

2. "Identify," when used in connection with a natural person, means to state the person's full name, residential address (suitable for service of a subpoena) and telephone number, and present or last known business address and telephone number.

When used in connection with a non-natural entity, "identify" means to state its full legal name, address, type of organization, State of incorporation (if applicable), and telephone number.

When used in connection with a document or other inanimate object, "identify" means to provide sufficient information to enable Natsource to subpoena the document or object, including, but not limited to (and where applicable) its nature, brand, make, model, title, subject matter, the date it was created or produced, the name of its author or person signing it, and the name and address of its present custodian. In lieu of describing the document, you may attach a legible copy to the responses to these interrogatories, provided that each document is appropriately marked to identify the interrogatory to which it is responsive.

3. "Person" includes natural persons and all private and governmental organizations and their representatives and agents.

4. "Defendant," "you," and "your" means Flavio Rufino Gazani, and includes all present and former agents, servants, employees, representatives, private investigators, and all others acting or purporting to act on behalf of you, including all

individuals associated with or working for (as employees or independent contractors) any entities, partnerships, or corporations you are affiliated with, including, but not limited to, International Solutions.

5. International Solutions or "IS" is the entity identified on the Methane to Markets website (listed immediately below) that lists you as its "Director."

http://www.methanetomarkets.org/partners/network/members/internationalsolutions flaviogaza.htm

6. "Natsource" or the "Company" means Natsource LLC or its subsidiaries, affiliates, owners, officers, directors, agents, employees, or any person acting or purporting to act on its behalf.

## INSTRUCTIONS

1. In answering these interrogatories, you are requested to furnish all facts and information that are known by you or by your agents, or are available to you or them upon request, including matters believed or contended to be hearsay.

2. As a part of the answer to each these interrogatories, you are requested to identify the documents and persons consulted to provide information with which to answer. In the alternative, where such sources of information are documents as defined above, you may produce such documents.

3. Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you are requested to answer the interrogatory to the fullest extent practicable and, additionally, to provide the information concerning the claim of privilege.

4. If the complete and exact answer to a question is not known, including but not limited to exact names, dates, amounts, or other figures or facts, you should so state and answer to the extent you are able. You should provide all responsive information known and specify in what respect the response is or may be incomplete or inaccurate due to lack of knowledge on your part.

5. These interrogatories are intended to impose a continuing obligation upon the Defendant to correct or supplement to the fullest extent required by Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

## **INTERROGATORIES**

1. Identify all personal desktop and laptop computers in your possession and describe their year, make, and model.

2. Identify all documents and property, including intellectual property, within your possession, custody or control, that you obtained from Natsource during your employment with the Company.

3. Identify all electronic media, including

4. Identify any business entities to which you are affiliated, including International Solutions ("IS"), and describe your relationship with those entities.

5. Identify when IS was created and the person(s) or entities who created IS.

6. Identify all CDM projects IS has worked on since August 2005.

7. Identify any and all directors, officers, employees, independent contractors, agents, parent company, subsidiaries, related companies, and affiliates of IS.

8. Identify all desktop and laptop computers owned or leased by IS or used by employees, independent contractors, or agents of IS.

NATSOURCE LLC

_/s/ Susan Wiltsie_
_____
Counsel

Susan F. Wiltsie (DC Bar #429625)
Scot A. Hinshaw (DC Bar #449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
(202) 778-2201 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATSOURCE LLC            )
                         )
        Plaintiff        )    Civil Action No. _____
                         )
        v.               )
                         )
FLAVIO RUFINO GAZANI     )
                         )
        Defendant        )

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to the Court's October __, 2006 Order and Federal Rule of Civil Procedure 34, Natsource LLC ("Natsource") requests that a copy of the documents described below be produced to counsel for Natsource on or before the deadline set forth in the Court's October __, 2006 Order.

**DEFINITIONS**

1. "Document" or "documents" means, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tape (whether audio, video, electronic or otherwise), film, electronic facsimile, computer storage device or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, computer disks, tapes, telegrams, diaries, rolodex cards and logo, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records or recordings of oral conversations, work papers and also including, but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt

stamp notation, indication of copies sent or received or otherwise, and drafts, which are in the possession, custody, or control of the Plaintiff, her present or former agents, representatives or attorneys or any and all persons acting on her behalf, including documents at any time in the possession, custody, or control of such individuals or entities as known by Plaintiff to exist.

2. "Defendant," "you," and "your" means Flavio Rufino Gazani, and includes all present and former agents, servants, employees, representatives, private investigators, attorneys, and all others acting or purporting to act on behalf of you, including all individuals associated with or working for (as employees or independent contractors) any entities, partnerships, or corporations you are affiliated with, including, but not limited to, International Solutions.

3. International Solutions or "IS" is the entity identified on the Methane to Markets website (listed immediately below) that lists you as its "Director." http://www.methanetomarkets.org/partners/network/members/internationalsolutions flaviogaza.htm

4. "Natsource" or the "Company" means Natsource LLC or its subsidiaries, affiliates, owners, officers, directors, agents, employees, or any person acting or purporting to act on its behalf.

5. Documents "within your possession, custody or control" means documents physically within your possession, or stored in a place or in an electronic storage device within your physical possession or to which you have access, or within the possession or custody of others but to which you can gain access or possession upon request, such as documents in the possession of a government agency, your health care

providers, your counsel, your accountants, your experts, or any other representative or agent of the Plaintiff.

6. When used in connection with a document or other inanimate object, "identify" means to provide sufficient information to enable Natsource to subpoena the document or object, "identify" means to provide sufficient information to enable Natsource to subpoena the document or object, including, but not limited to (and where applicable) its nature, brand, make, model, title, subject matter, the date it was created or produced, the name of its author or person signing it, and the name and address of its present custodian.

## INSTRUCTIONS

1. Documents produced should be organized and labeled to correspond with the categories in the Request.

2. Should a privilege be asserted with respect to any document, or portion thereof, you are requested to identify the document and provide the information concerning the claim of privilege, and to produce the non-privileged portion to the fullest extent practicable.

3. These requests are intended to impose a continuing obligation upon the Defendant to correct or supplement to the fullest extent required by Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

4. If any document requested has been lost or destroyed since its creation or since it came into your possession, identify that document, identify its custodian at the time it was lost or destroyed, and state when, where, how and by whom the document was lost or destroyed.

## REQUESTS FOR DOCUMENTS

1. Produce exact, electronic copies of all hard drives of all desktop and laptop computers identified in response to Defendant's Interrogatories Nos. 1 and 7.

2. Produce all lists of Natsource vendors within your possession, custody, or control, including all Project Development Document writers lists.

3. Produce electronic or hard copies of all files within your possession, custody, or control, originally created or produced by Natsource's Delivery Risk Model ("DRM"), including, but not limited to, all any and all spreadsheets, output assessments, data compilations, and reports. Please produce documents in response to this Request regardless of whether such files have been altered in any way by you or anyone else since such files were created or produced by DRM.

4. Produce a copy of all Natsource business plans or financial information within your possession, custody, or control.

5. Produce a copy of all documents within your possession, custody, or control not already requested herein you obtained from Natsource and that relate to the business of Natsource.

6. Produce all documents within your possession, custody, or control, describing the purposes and make-up of International Solutions ("IS"), including any by-laws or articles of formation, as well as its charter or any statement of purpose or organizational mission statement.

NATSOURCE LLC

_____
Susan Wiltsie
Counsel

Susan F. Wiltsie (DC Bar #429625)
Scot A. Hinshaw (DC Bar #449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
(202) 778-2201 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATSOURCE LLC | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FLAVIO RUFINO GAZANI | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Upon review and consideration of the Plaintiff's Motion for Expedited Discovery and Memorandum of Law in Support thereof, and any opposition thereto, it is on this ___ day of _____ 2006,

**ORDERED** that the Plaintiff's Motion for Expedited Discovery is **GRANTED**; it is further

**ORDERED** that Defendant Flavio Rufino Gazani respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, attached as Exhibits A and B to its Memorandum in Support of Motion for Expedited Discovery, on or before _____, __, 2006; it is further

**ORDERED** that Defendant Flavio Rufino Gazani appear for a deposition on the issues referenced in Plaintiff's Motion for Expedited Discovery within two days of providing his responses to discovery and no later that one day before the preliminary injunction hearing.

It is so ordered this ___ day of _____, 2006.

_____
United States District Court Judge