**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATSOURCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1843 (RWR) |
| | ) | |
| FLAVIO RUFINO GAZINI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Natsource LLC ("Natsource") has filed a complaint and motions for a temporary restraining order and preliminary injunction, supported by several affidavits, alleging that defendant Flavio Rufino Gazini, a former employee, exceeded his authorized access and use of certain computer files containing Natsource's proprietary information, in violation of federal and state laws. Gazini has filed an opposition, supported by his affidavit, denying that he exceeded his authorized use of the files at issue and denying that he has any of Natsource's proprietary information in his possession.

Parties seek a hearing on the matter as soon as possible. To facilitate the airing of all pertinent facts, the parties are directed to file by 10:00 a.m. November 2, 2006, supplemental sworn statements responding directly to the questions listed in Appendix A to this Order. With the exception of the first two questions which are directed particularly, but not necessarily

-2-

exclusively, to Natsource's forensic computer expert, each party
is directed to answer each of the remaining questions (Nos.
3 - 12).  If a party cannot provide a complete answer to a
question posed, the party should so state, provide the reason a
complete answer is not possible, and provide the most complete
answer possible.

    SIGNED this 31st day of October, 2006.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge

APPENDIX A

1.  With respect to the Affidavit of Philip Rodokanakis ¶ 10:

    A.  Is it possible to determine whether the files on the
        CD-ROM described in ¶ 10 ("THE CD-ROM") were copied?
        If it is possible and you did not make such a
        determination, why not? If it is possible and you did
        make such a determination, what is your determination?

    B.  Is it possible to determine whether the files on THE
        CD-ROM were emailed?  If it is possible and you did not
        make such a determination, why not? If it is possible
        and you did make such a determination, what is your
        determination?

    C.  What is the scientific likelihood of error in the
        conclusion of fact stated in ¶ 10?  In other words,
        what is the likelihood that THE CD-ROM was never in
        Gazini's work laptop computer ("work laptop")?

2.  Could a forensic analysis of Gazini's work laptop lead to a
    determination as to whether Gazini downloaded and sent DRM
    files through his personal "msn" email account?  Cf.
    Affidavit of Michael Grande ¶ 11.  If it is possible and you
    did not make such a determination, why not? If it is
    possible and you did make such a determination, what is your
    determination?

3.  Provide a more precise description of what DRM files were on
    THE CD-ROM.  Did the DRM files on THE CD-ROM constitute a
    complete set of all DRM operating and informational files?
    Did the DRM files on THE CD-ROM include output assessments?

4.  State whether Gazini was authorized to access and copy every
    DRM file that was on THE CD-ROM.

5.  Explain the significance, if any, of the following:

        (a) the fact that THE CD-ROM existed at all and how it
        came into existence (in light of the statements in the
        Benjamin Feldman Affidavit ¶ 30);

        (b) the fact that THE CD-ROM was in Gazini's work
        laptop; and

        (c) the injury to Natsource that could come from only
        the information on THE CD-ROM being distributed to
        unauthorized persons.

-ii-

6.  What do you know about the whereabouts of THE CD-ROM at the present time?  Who has it?  Where is it?

7.  What do you know about any CD-ROMs that may be exact or partial duplicates or replicas of THE CD-ROM?

8.  What do you know about any files copied from THE CD-ROM?  If any files were copied from THE CD-ROM, what do you know about the distribution of those copies?

9.  On October 27, 2006, (a) who had physical possession of Gazini's work laptop; (b) where was Gazini; (c) where was the laptop physically; (d) what is the likelihood that someone other than Gazini could have accessed the CD-ROM with the DRM files on October 27, 2006; and (e) if you think there is any significant likelihood that someone else had access to Gazini's work laptop at the time the DRM files on THE CD-ROM were opened and viewed on October 27, 2006, identify that person(s).

10. Explain the significance of the password to the DRM files. If Feldman provided paths to the certain files (see Feldman Aff. ¶ 10), did someone accessing those files via the specified and authorized path also need a password to gain access?

11. Describe the type of access, if any, beyond "read only" access, Gazini had to each of the DRM files during the course of his employment.

12. Where is Gazini residing now?  Where is Gazini located now?