UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATSOURCE LLC, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No.: 06 CV 1843 |
| FLAVIO RUFINO GAZANI, | ) |
|        Defendant. | ) |

## AFFIDAVIT OF CHRISTINE SAMSEL, ESQ, IN RESPONSE TO COURT'S ORDER OF NOVEMBER 1, 2006

I, Christine A. Samsel, being duly sworn and subject to the penalty of perjury, hereby depose and state:

1. I am over the age of eighteen (18) and am otherwise competent to make this Affidavit. The facts set forth herein are true and correct to the best of my ability. I am counsel for Mr. Gazani in connection with the Motion for Temporary Restraining Order filed by Natsource.

2. I received a call from the Court clerk shortly after 12:00 p.m. on November 2, 2006 regarding the Court's Order of November 1, 2006. Although it was my understanding that we were registered for the Court's electronic filing system, and I confirmed this with Peggy Trainum of the D.C. District Court on November 1, it appears that we were not so registered in connection with this case. Accordingly, we did not receive notice of the Court's Order until the Clerk telephoned me on November 2. We have since remedied this situation.

7687551

3.      As Natsource has been advised, Mr. Gazani was required to return to Brazil because, after his employment was terminated by Natsource, he had ten days to either find a new H-1B visa sponsor or return to Brazil, his home country. I understand from my discussions with Mr. Gazani that he was in Brazil as of October 31, if not sooner, and has no plans to return to the United States in the future.

4.      I have emailed Mr. Gazani and attempted to telephone him with respect to the information required by the Court's Order, but (likely because of his unexpected return to Brazil), he does not yet have reliable contact information in Brazil to enable me to obtain an affidavit from him. I will continue my efforts to contact Mr. Gazani.

5.      With respect to the CD-ROMs provided to Natsource, as has been explained to Natsource's counsel, Mr. Gazani had three CD-ROMs, of which he believed two were blank. Accordingly, we represented to Natsource that Mr. Gazani had only one CD-ROM that contained any Natsource information. The CD-ROMs were provided to me by Mr. Gazani. I had agreed not to review the CD-ROMs prior to sending them to Natsource's counsel. Erroneously, I forwarded a blank CD-ROM to Natsource instead of the CD-ROM containing information. Had I reviewed the CD-ROM prior to sending it to Natsource, this would obviously not have occurred, but I had promised Natsource's counsel that I would *not* review the CD-ROM. As soon as this was brought to my attention, the remaining two CD-ROMs, one of which we believed to be blank, were sent via messenger to Natsource's counsel. I have been advised by Natsource's counsel that both CD-ROMs contained information, but cannot verify this as I refrained (as promised) from reviewing these CD-ROMs as well.


Christine A. Samsel, Esq.


Subscribed and sworn to me, a notary public, this 2d day of November, 2006, at Washington, DC.



Notary Public

Laura L. Dunning
Notary Public, District of Columbia
My Commission Expires March 31, 2010

My commission expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing AFFIDAVIT OF CHRISTINE SAMSEL, ESQ. IN RESPONSE TO COURT'S ORDER, has been hand-served upon the following person:

>Susan F. Wiltsie
>Hunton & Williams LLP
>1900 K Street, NW
>Washington, DC  20006
>Attorneys for Plaintiff

Dated this 2d day of November, 2006.

_____
Christine A. Samsel, Esq.